JS-3

**United States District Court**
**Central District of California**

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | **Docket No.**   EDCR24-00081-KK-1 |
| **Defendant**   George Alexander Aranda | **Social Security No.**   7  5  2  8 |
| akas:   George Aranda; George Aranada | (Last 4 digits) |

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 04 | 01 | 2025 |

**COUNSEL**: John N. Aquilina, CJA
(Name of Counsel)

**PLEA**: [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.   [ ] **NOLO CONTENDERE**   [ ] **NOT GUILTY**

**FINDING**: There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:

Conspiracy to Distribute Fentanyl, in Violation of 21 U.S.C. § 846 and §§ 841(a)(1), (b)(1)(A)(vi), as Charged in Count One of the Indictment.

**JUDGMENT AND PROB/COMM ORDER**: The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant **George Alexander Aranda is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of one-hundred-twenty (120) months on Count One of the Indictment, to be served concurrently with his sentence on case number 5:22-CR-00289-JGB-1.**

Upon release from imprisonment, the **defendant shall be placed on supervised release for a term of five (5) years on Count One of the Indictment**, under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and Second Amended General Order 20-04.

2. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from custody and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

3. The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath or sweat patch testing, as directed by the Probation Officer. The defendant shall abstain from using alcohol and illicit drugs, and from abusing prescription medications during the period of supervision.

4. During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug treatment program approved by the U.S. Probation and Pretrial Services Office for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs. The defendant shall reside in the treatment program until discharged by the Program Director and Probation Officer.

Case 5:24-cr-00081-KK     Document 134     Filed 04/01/25     Page 2 of 5     Page ID #:714

USA vs.   George Alexander Aranda                                  Docket No.:   EDCR24-00081-KK-1

5. The defendant shall participate in mental health treatment, which may include evaluation and counseling, until discharged from the program by the treatment provider, with the approval of the Probation Officer.

6. As directed by the Probation Officer, the defendant shall pay all or part of the costs of the Court-ordered treatment to the aftercare contractors during the period of community supervision.  The defendant shall provide payment and proof of payment as directed by the Probation Officer.  If the defendant has no ability to pay, no payment shall be required.

7. During the period of community supervision, the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment.

8. The defendant shall cooperate in the collection of a DNA sample from the defendant.

9. The defendant shall submit the defendant's person, property, house, residence, vehicle, papers, computers, cell phones, other electronic communications or data storage devices or media, email accounts, social media accounts, cloud storage accounts, or other areas under the defendant's control, to a search conducted by a United States Probation Officer or law enforcement officer.  Failure to submit to a search may be grounds for revocation.  The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.  Any search pursuant to this condition will be conducted at a reasonable time and in a reasonable manner upon reasonable suspicion that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation.

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately.  Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

Pursuant to Section 5E1.2(e) of the Guidelines, all fines are waived as the Court finds that the defendant has established that he is unable to pay and is not likely to become able to pay any fine.

The Court recommends that the Bureau of Prisons conduct a mental health evaluation of the defendant and provide all necessary treatment.

The Court recommends that the defendant be considered for participation in the Bureau of Prison's Residential Drug Abuse Program (RDAP).

Upon the Government's motion, any remaining counts are dismissed in the interest of justice.

The Court recommends defendant be designated to Lompoc FCC, or to another Bureau of Prisons institution in the Southern California area.

The Court informs the defendant of his right to appeal.

| USA vs. | George Alexander Aranda | Docket No.: | EDCR24-00081-KK-1 |
|---|---|---|---|

The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| April 1, 2025 | Hon. Kenly Kiya Kato |
|---|---|
| Date | U. S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.



Clerk, U.S. District Court

| April 1, 2025 | By | Noe U. Ponce |
|---|---|---|
| Filed Date | | Deputy Clerk |

USA vs.   George Alexander Aranda                                    Docket No.:    EDCR24-00081-KK-1

☐ The defendant must also comply with the following special conditions (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1). Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office. 18 U.S.C. § 3613.

The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. § 3612(b)(l)(F).

The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k). See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

Payments will be applied in the following order:

1. Special assessments under 18 U.S.C. § 3013;
2. Restitution, in this sequence (under 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid):
   Non-federal victims (individual and corporate),
   Providers of compensation to non-federal victims,
   The United States as victim;
3. Fine;
4. Community restitution, under 18 U.S.C. § 3663(c); and
5. Other penalties and costs.

**CONDITIONS OF PROBATION AND SUPERVISED RELEASE PERTAINING TO FINANCIAL SANCTIONS**

As directed by the Probation Officer, the defendant must provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant must maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds must be deposited into this account, which must be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, must be disclosed to the Probation Officer upon request.

The defendant must not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

USA vs. George Alexander Aranda　　　　　　　　　　　Docket No.: EDCR24-00081-KK-1

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

Date　　　　　　　　　　　Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

Filed Date　　　　　　　　　　　Deputy Clerk

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____　　　　　　_____
　　　　　Defendant　　　　　　　　　　　　　Date

_____　　　　　　_____
U. S. Probation Officer/Designated Witness　　　Date